UNITED STATES DISTRICT COURT        ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
EDGAR BRONFMAN, JR.,           :

                              :          No. 07-CV-2875 (VM)

      v.                   :

                              :
VIVENDI S.A., THE BENEFIT EQUALIZATION PLAN
OF VIVENDI S.A., AND THE HUMAN RESOURCES   :
COMMITTEE OF THE BOARD OF DIRECTORS OF
VIVENDI S.A.,                       :

                              :

------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

Joseph P. Moodhe (JM 6068)
David M. Bigge (DB 8579)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
(212) 909-6000

*Attorneys for Defendants Vivendi S.A., the Benefit Equalization Plan of Vivendi S.A., and the Human Resources Committee of the Board of Directors of Vivendi S.A.*

New York, New York
May 8, 2007

# TABLE OF CONTENTS

I.   THE COMPLAINT SHOULD BE DISMISSED AS AGAINST THE  BEP AND THE HUMAN RESOURCES COMMITTEE BECAUSE  THEY WERE NOT PROPERLY SERVED. ................................................................................... 2

    A. Plaintiff's Attempt to Serve in New York Was Faulty. .................................................. 3

    B. Plaintiff's Second Attempt to Serve the Human Resources Committee Failed to Serve the Committee Members ......................................................................................... 4

II.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER THE BEP AND THE HUMAN RESOURCES COMMITTEE ................................................................................. 6

    A. The Complaint Failed to Allege Sufficient Facts to Establish that this Court Has Personal Jurisdiction Over the BEP and the Human Resources Committee. .................. 6

    B. This Court Lacks Personal Jurisdiction Over the BEP and the Human Resources Committee Because Plaintiff Failed to Effect Service on Either Defendant. .................. 7

III. PLAINTIFF'S STATE COMMON LAW CLAIMS ARE PRE-EMPTED  BY ERISA ........................................................................................................................ 8

IV.  PLAINTIFF'S ACCOUNT STATED AND EQUITABLE ESTOPPEL CAUSES OF ACTION FAIL TO STATE CLAIMS UNDER FEDERAL OR STATE LAW ........... 10

    A. The Second and Fifth Causes of Action Fail to State Claims for Account Stated ......... 10

        1. Plaintiff's Allegations of "Account Stated" Fail to State A Claim Under New York Law ...................................................................................................... 10

        2. Plaintiff's Allegations of "Account Stated" Fail to State A Claim Under ERISA .................................................................................................................... 11

    B. The Third and Sixth Causes of Action Fail to State Claims for Equitable Estoppel ........................................................................................................................ 12

        1. Bronfman's Allegations Fail to State a Claim for  Equitable Estoppel under ERISA .................................................................................................................... 12

        2. Plaintiff's Allegations Fail to State a Claim for Equitable Estoppel under New York Common Law ..................................................................................... 14

V.   PLAINTIFF'S ERISA § 502(A)(3) CLAIMS ARE NOT  CLAIMS ON WHICH RELIEF CAN BE GRANTED. ...................................................................................... 15

    A. Plaintiff's ERISA §502(a)(3) Claims Must Be Dismissed Because ERISA § 502(a)(1) Provides the Relief Plaintiff Seeks. ........................................................... 15

    B. The Complaint Otherwise Fails to State a Claim Under  ERISA § 502(a)(3). .............. 16

# TABLE OF AUTHORITIES

**Cases**

*Aetna Health, Inc. v. Davila*,
    542 U.S. 200 (2004)..................................................................................................... 9

*Aetna Life Ins. Co. v. Borges*,
    869 F.2d 142 (2d Cir.), *cert. denied*, 493 U.S. 811 (1989)................................... 8, 9

*American Inst. of Cert. Pub. Accts. v. Affinity Card*,
    8 F. Supp. 2d 372 (S.D.N.Y. 1998) ........................................................................ 3

*Aquilio v. Police Benevolent Ass'n of the N. Y. State Troopers*,
    857 F. Supp. 190 (N.D.N.Y. 1994)........................................................................ 13

*Aries Ventures, Ltd. v. Axa Finance S.A.*,
    729 F. Supp. 289 (S.D.N.Y. 1990) ...................................................................... 5, 7

*Aronoff v. Service Employees Local 32-BJ AFL-CIO*,
    2003 WL 1900832 (S.D.N.Y. Apr. 16, 2003) ........................................................ 5

*Bowen v. Massachusetts*,
    487 U.S. 879 (1988) (Scalia, J., dissenting) ........................................................ 17

*Chapman v. ChoiceCare Long Island Term Disability Plan*,
    288 F.3d 506 (2d Cir. 2002) .................................................................................... 7

*Chisholm-Ryder Co. v. Sommer & Sommer*,
    421 N.Y.S.2d 455 (N.Y. App. Div. 4th Dep't 1979)............................................. 11

*Citibank (South Dakota) N.A. v. Jones*,
    184 Misc. 2d 63 (N.Y. Dist. Ct. 2000)................................................................. 10

*CutCo Indus., Inc. v. Naughton*,
    806 F.2d 361 (2d Cir. 1986) .................................................................................... 6

*Darden v. DaimlerChrysler N. Am. Holding Corp.*,
    191 F. Supp. 2d. 382 (S.D.N.Y. 2002) .................................................................... 5

*DeGrooth v. General Dynamics Corp.*,
    837 F. Supp. 485 (D. Conn. 1993)........................................................................ 13

*Fortune v. Medical Associates of Woodhull P.C.*,
    803 F. Supp. 636 (E.D.N.Y. 1992) ....................................................................... 13

*Frommert v. Conkright*,
    433 F.3d 254 (2d Cir. 2006) ................................................................................. 17

*General Elec. Capital Corp. v. Eva Armadora, S.A.*,
  37 F.3d 41 (2d Cir. 1994) ........................................................................................ 14

*Great-West Life & Annuity Ins. Co. v. Knudson*,
  534 U.S. 204 (2002) ......................................................................................... 11, 16

*Grinnell v. Ultimate Realty, LLC*,
  38 A.D.3d 600, 2007 NY Slip Op 2067 (N.Y. App. Div. 2d Dep't, Mar. 13, 2007) .............. 11

*Harrison v. Metro. Life Ins. Co.*,
  417 F. Supp. 2d 424 (S.D.N.Y. 2006) (Marrero, J.). ............................................... 8, 9

*Hvide Marine Int'l Inc. v. Employers Ins. of Wausau*,
  724 F. Supp. 180 (S.D.N.Y. 1989) ............................................................................ 6

*In re Terrorist Attacks on September 11, 2001*,
  349 F. Supp. 2d 765 (S.D.N.Y. 2005) ....................................................................... 7

*Irwin v. ZDF Enterprises GmbH*,
  2006 WL 374960 (S.D.N.Y., Feb. 16, 2006) .............................................................. 6

*Kernan v. Kurz-Hastings, Inc.*,
  175 F.3d 236 (2d Cir. 1999) .................................................................................... 6

*Kovalesky v. A.M.C. Associated Merchandising Corp.*,
  551 F. Supp. 544 (S.D.N.Y. 1982) ........................................................................... 4

*Lee v. Burkhart*,
  991 F.2d 1004 (2d Cir. 1993) ............................................................................ 12, 13

*Marine Midland Bank, N.A. v. Miller*,
  664 F.2d 899 (2d Cir. 1981) .................................................................................... 6

*Mead v. Arthur Andersen, LLP*,
  309 F. Supp. 2d 596 (S.D.N.Y. 2004) (Marrero, J.) ................................................. 15

*Mertens v. Hewitt Assocs.*,
  508 U.S. 248 (1993) ................................................................................... 11, 16, 17

*Moore v. Metro. Life Ins. Co.*,
  856 F.2d 488 (2d Cir. 1988) .................................................................................. 13

*Paul, Weiss, Rifkind, Wharton & Garrison v. Koons*,
  780 N.Y.S.2d 710 (N.Y. Sup. Ct. 2004) .............................................................. 10, 11

*Pelosi v. Schwab Capital Mkts., L.P.*,
  462 F. Supp. 2d 503 (S.D.N.Y. 2006) (Marrero, J.) ................................................... 8

*Pilot Life Ins. Co. v. Dedeaux,*
    481 U.S. 41 (1987) ............................................................................................ 8

*Porina v. Marward Shipping Co.,*
    2006 WL 2465819 (S.D.N.Y., Aug. 24, 2006) ............................................. 6

*Royal Mortgage Corp. v. FDIC,*
    20 F. Supp. 2d 664 (S.D.N.Y. 1998) ........................................................... 14

*Stovall v. First UNUM Life Ins. Co.,*
    20 Fed. Appx. 47 (2d Cir., Oct. 3, 2001) ..................................................... 12

*Turner v. CF&I Steel Corp.,*
    510 F. Supp. 537 (E.D. Pa. 1981), *aff'd* 770 F.2d 43 (3d Cir. 1985), *cert. denied,*
    474 U.S. 1058 (1986) ........................................................................................ 5

*Util. Workers, Local 369 v. NSTAR Elec. & Gas Corp.,*
    317 F. Supp. 2d 69 (D. Mass. 2004) ............................................................ 15

*Varity Corp. v. Howe,*
    516 U.S. 489 (1996) ....................................................................................... 15

## Statutes

29 U.S.C. § 1002(2)(A) ...................................................................................... 2

29 U.S.C. § 1132(a) ................................................................................... passim

29 U.S.C. § 1132(d) ....................................................................................... 3, 4

29 U.S.C. § 1144(a) ............................................................................................ 8

## Rules

Fed. R. Civ. P. 12(b)(2) ...................................................................................... 1

Fed. R. Civ. P. 12(b)(5) ...................................................................................... 1

Fed. R. Civ. P. 4(k) ............................................................................................. 7

## Treatises

57 N.Y. Jur. 2d *Estoppel* ................................................................................. 14

60A Am. Jur. 2d *Pensions* ............................................................................... 12

Defendants Vivendi S.A., the Benefit Equalization Plan of Vivendi S.A. ("Benefit

Equalization Plan" or "BEP"), and the Human Resources Committee of the Board of Directors of

Vivendi S.A. ("Human Resources Committee" or "Committee") (collectively, "Defendants"),

submit this memorandum in support of their motion to dismiss the complaint pursuant to

*(1)* Rule 12(b)(5) of the Federal Rules of Civil Procedure, on the ground of insufficiency of

service of process with regard to the Benefit Equalization Plan and the Human Resources

Committee; *(2)* Rule 12(b)(2) of the Federal Rules of Civil Procedure, on the ground that this

Court lacks personal jurisdiction over the Benefit Equalization Plan and the Human Resources

Committee; *(3)* Section 514 of the Employment Retirement Income Security Act of 1974

(ERISA), 29 U.S.C. § 1144, on the ground that the fourth, fifth, and sixth causes of action

asserted in the complaint are pre-empted by federal law; *(4)* Rule 12(b)(6) of the Federal Rules

of Civil Procedure, on the ground that the second, third, fifth, and sixth causes of action asserted

in the complaint fail to state a claim upon which relief may be granted; and *(5)* Rule 12(b)(6), on

the ground that Plaintiff's claims for relief under ERISA § 502(a)(3) cannot provide the basis for

a claim otherwise asserted under ERISA § 502(a)(1).  29 U.S.C. §§ 1132(a)(1), (a)(3).

## Factual Statement

The claims asserted by Plaintiff Edgar Bronfman Jr. ("Plaintiff" or "Bronfman") arise out

of a dispute over the pension benefits to which he is entitled under the terms of his Termination

Agreement, dated December 20, 2001 (attached as Exhibit B to the Declaration of David M.

Bigge, dated May 8, 2007 ("Bigge Decl.")), as it relates to the Benefit Equalization Plan (Bigge

Decl. Ex. A).  Owing to a mistaken assumption as to what Plaintiff's Termination Agreement

provided, Plaintiff was for several years paid a substantially larger pension than that to which he

is entitled.  When the responsible Vivendi personnel discovered the mistake, Plaintiff was

immediately notified and his pension payments were reduced to the level called for by his

Termination Agreement, the BEP, and the other plans under which Plaintiff receives his benefits.

Plaintiff filed his complaint with this Court on April 10, 2007.  *See* Complaint.  Plaintiff's

complaint alleges six causes of action.  Under ERISA, he alleges claims for breach of his BEP

pension plan, equitable estoppel, and account stated.  Similarly, under New York state law, he

alleges breach of contract, equitable estoppel, and account stated.

Plaintiff attempted service of the complaint on April 18, 2007, when a process server

sought to serve the complaint on all three defendants by delivering the pleadings to Debra Ford,

an employee at the New York offices of Vivendi Holding I Corp., a subsidiary of Vivendi S.A.

Affidavit of Debra Ford, dated May 7, 2007 ("Ford Aff.") ¶¶ 5–9; Ex. A.  Ms. Ford, however,

was authorized to accept service solely for Vivendi S.A., and informed the process server that

she was not authorized to accept service for either the BEP or the Human Resources Committee.

In disregard of this statement, the process server nevertheless left the three summonses on the

desk of a receptionist and left Vivendi's offices.  Thereafter, Plaintiff attempted to serve all

defendants by delivering the summonses through Federal Express to Vivendi S.A.'s office in

Paris, France.

## I.    THE COMPLAINT SHOULD BE DISMISSED AS AGAINST THE BEP AND THE HUMAN RESOURCES COMMITTEE BECAUSE THEY WERE NOT PROPERLY SERVED.

Plaintiff's attempt to serve the Benefit Equalization Plan of Vivendi S.A.—a required

party under ERISA—was ineffective because he did not effectively serve the plan administrator.

The BEP is an employee pension benefit plan within the meaning of ERISA § 3(2), as it both

provides for retirement income and systematically defers the payment of compensation until

termination of employment or beyond.  *See* 29 U.S.C. § 1002(2)(A).  Section 502(d) of ERISA,

which governs service of process on an employee benefit plan, identifies the three persons or entities upon whom effective service may be made: (1) a trustee or administrator of the plan in his or her capacity as such, (2) an agent for service specifically designated in the summary plan description of the plan, or (3) the Secretary of Labor. *See* 29 U.S.C. § 1132(d). In this case, the BEP—an unfunded pension plan—is not required to have a trust or trustee, and does not have a specified agent for service. Therefore, service could only have been accomplished by serving the administrator of the plan (the Human Resources Committee), or the Secretary of Labor.

Plaintiff did not effectuate service in either of these two ways. Plaintiff did not even attempt to serve process on the Secretary of Labor. Rather, Plaintiff attempted to twice serve the Human Resources Committee, but each attempt at service was defective because the individual members of the Human Resources Committee were not served.

### A.    Plaintiff's Attempt to Serve in New York Was Faulty.

Plaintiff first attempted to serve the BEP and Human Resources Committee by hand delivery to the New York address of Vivendi Holding I Corp., an indirect subsidiary of Vivendi S.A. Debra Ford, an agent of Vivendi Holding I Corp., accepted service on behalf of Vivendi S.A., but expressly refused to accept service on behalf of the Human Resources Committee or the BEP, because she was not authorized to do so. Ford Aff. ¶¶ 7–8; *American Inst. of Cert. Pub. Accts. v. Affinity Card*, 8 F. Supp. 2d 372, 376 (S.D.N.Y. 1998) (burden is on plaintiff to show that defendant has authorized a particular person to accept service of process on its behalf). After Ms. Ford informed the process server that she could not accept service for the Human Resources Committee or the BEP, the process server dropped the summonses on a receptionist's desk and left the building. Ford Aff. ¶ 9. This cannot be considered proper service on the Human Resources Committee or the BEP. *See Kovalesky v. A.M.C. Associated Merchandising*

*Corp.*, 551 F. Supp. 544, 545–46 (S.D.N.Y. 1982) (throwing summons and complaint on desk of receptionist not authorized to receive service rendered service invalid).

### B.    Plaintiff's Second Attempt to Serve the Human Resources Committee Failed to Serve the Committee Members.

Plaintiff next attempted service by Federal Express delivery to the Paris head office of Vivendi S.A.  Service upon Vivendi S.A. was not sufficient to serve the Human Resources Committee.  The Committee consists of certain members of the *Conseil de Surveillance* (Board of Directors) of Vivendi S.A., which is organized as a *société anonyme* under French law.  Ford Aff. ¶ 10.  As an arm of Vivendi's *Conseil de Surveillance*, the Committee is considered independent of the company itself.  The Committee has no legal personality, Ford Aff. ¶¶ 11–12, and therefore, under French law, the individual members of the Committee should have received service in their official capacities in order for service on the Committee to have been effective.

Nothing in ERISA or any other provision of federal law validates Plaintiff's effort to serve the Committee as a single entity at Vivendi S.A.'s headquarters.  Rather, ERISA contemplates service on individual administrators of a benefits plan—in this case, the individual members of the Human Resources Committee in their official capacities.  *See* 29 U.S.C. § 1132(d) (ERISA's service of process provision referring to service upon "*an* administrator … in *his* capacity as such") (emphasis added).

Apparently aware that he failed to effectively serve the Committee members, Plaintiff appears to have undertaken personal service on one of the individual Committee members—the only Committee member residing in New York—on May 3, 2007.  Plaintiff has made no attempt to serve the other individual members of the Committee (all of whom reside in Europe), and

neither hand delivery to Vivendi Holding I Corp., nor Federal Express delivery to the Paris address of Vivendi S.A., was sufficient to serve those individuals.[1]

Because the Human Resources Committee was not properly served and Plaintiff has not attempted to serve the Secretary of Labor, this matter must be dismissed, or at least the service quashed, with regard to the Human Resources Committee and the BEP. *See Aries Ventures, Ltd. v. Axa Finance S.A.*, 729 F. Supp. 289, 303 (S.D.N.Y. 1990) ("The Court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant.") (internal citation and quotation marks omitted); *accord Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382 (S.D.N.Y. 2002) (Marrero, J.).

---

[1]    Plaintiff's service attempt was similarly insufficient under the Federal Rules of Civil Procedure. Under some cases interpreting ERISA's service provisions, a plaintiff may serve a defendant by delivering the summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Aronoff v. Service Employees Local 32-BJ AFL-CIO*, 2003 WL 1900832, at *1 (S.D.N.Y. Apr. 16, 2003) (holding that "service may be performed [upon the persons identified in ERISA], but the statute suggests that it may also be done another way, such as pursuant to Fed. R. Civ. P. 4(e)"). In the few cases where courts have allowed service upon persons other than those identified in ERISA, there were underlying circumstances that are not present in this case, such as a separate physical address for the plan administrator, or acceptance of service by a person with apparent authority. *See Aronoff*, 2003 WL 1900832, at *1–*2 (finding sufficient the personal service of "the initial pleading at defendant North Pension Fund and Trustees' office by serving the receptionist who accepted service on behalf of defendant North Pension Fund and Trustees"); *Turner v. CF&I Steel Corp.*, 510 F. Supp. 537, 544 (E.D. Pa. 1981), *aff'd* 770 F.2d 43 (3d Cir. 1985), *cert. denied*, 474 U.S. 1058 (1986) (noting that, although service was not made upon the plan administrator, the secretary who received service "neither refused to accept the summons and complaint nor directed the United States Marshal to the appropriate office").

II.     **THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER THE BEP AND THE HUMAN RESOURCES COMMITTEE.**

A.     **The Complaint Failed to Allege Sufficient Facts to Establish that this Court Has Personal Jurisdiction Over the BEP and the Human Resources Committee.**

The complaint fails to allege any facts to support the bare allegation, in the middle of a paragraph on venue, that "the defendants are subject to personal jurisdiction in this district." Complaint ¶ 10.  The complaint's conclusory allegation of personal jurisdiction does not meet Plaintiff's burden of demonstrating that this Court may exercise jurisdiction over all of the defendants, particularly the BEP and the Human Resources Committee.  *See, e.g.*, *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981); *Hvide Marine Int'l Inc. v. Employers Ins. of Wausau*, 724 F. Supp. 180, 182 (S.D.N.Y. 1989).

The existence of personal jurisdiction must be demonstrated by the complaint's allegations and any affidavits.  *See, e.g.*, *Irwin v. ZDF Enterprises GmbH*, 2006 WL 374960, at *7 (S.D.N.Y., Feb. 16, 2006) (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)).  The conclusory allegation of personal jurisdiction contained in Bronfman's complaint is insufficient, as it neither presents facts to support a finding that jurisdiction exists, nor invokes any of the potentially applicable authorities that govern the exercise of personal jurisdiction in a suit arising under federal question jurisdiction against a foreign defendant.  *See, e.g.*, *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999) (holding that "the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant") (citation and quotation marks omitted); *Porina v. Marward Shipping Co.*, 2006 WL 2465819, at * 4 (S.D.N.Y., Aug. 24, 2006) (requiring that, in order to invoke Fed. R. Civ. P.

4(k)(2), a plaintiff must make a "tripartite showing" for the Rule's applicability, as well as "certify that, based on the information that is readily available to the plaintiff and his counsel, the defendant is not subject to suit in the courts of general jurisdiction of any state [as required by Rule 4(k)(2)]").

> **B.     This Court Lacks Personal Jurisdiction Over the BEP and the Human Resources Committee Because Plaintiff Failed to Effect Service on Either Defendant.**

Bronfman's failure to effect service upon the individual members of the Human Resources Committee and, therefore, the BEP, is fatal to this Court's exercise of personal jurisdiction over these defendants.  A federal court lacks personal jurisdiction over a defendant if service of process is insufficient.  *See Aries Ventures*, 729 F. Supp. at 303 (holding that "improper service of process results in a lack of jurisdiction over the person"); *see also In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 806 (S.D.N.Y. 2005) (noting, in an analysis of Rule 4(k)(1)(D) and 4(k)(2), that "service of process will establish personal jurisdiction over a defendant" if the conditions established in the Rule are satisfied).  Since Plaintiff has not properly served the BEP or the Committee using the means authorized by ERISA or the Federal Rules, this Court has no personal jurisdiction over the BEP or the Human Resources Committee.[2]  Therefore, since this Court lacks personal jurisdiction over the BEP or its administrator—mandatory parties under ERISA and therefore indispensable parties under Fed. R. Civ. P. 12(b)(7) and 19—the complaint should be dismissed.  *See Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 509 (2d Cir. 2002) ("In a recovery

---

[2]     Certain Committee members reside in France and Spain, and may have other specific personal jurisdiction defenses that can only be tested if and when they are properly served.

of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable.").[3]

## III.    PLAINTIFF'S STATE COMMON LAW CLAIMS ARE PRE-EMPTED BY ERISA.

The pension plan regulation scheme created by ERISA is "exclusively a federal concern," *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987), and the expansive pre-emption provisions of the statute prevent Plaintiff from bringing his fourth, fifth, and sixth causes of action, which are alleged to arise under New York common law.  Section 514(a) of ERISA provides that "the provisions [governing section 502] shall supersede any and all [s]tate laws insofar as they may now or hereafter *relate to* any employee benefit plan."  29 U.S.C. § 1144(a) (emphasis added).[4] A state law relates to an employee benefit plan if it has a connection with or reference to such a plan that is more than "tenuous, remote, or peripheral."  *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 145 (2d Cir.), *cert. denied*, 493 U.S. 811 (1989).  Laws of general application with only an indirect effect on an ERISA-governed plan can "relate to" the plan for pre-emption purposes. *See Harrison v. Metro. Life Ins. Co.*, 417 F. Supp. 2d 424, 431 (S.D.N.Y. 2006) (Marrero, J.).  In other words, if Plaintiff's state claims are related to a claim made under ERISA § 502(a), the state claims are completely pre-empted regardless of how they are characterized.  *See Pelosi v. Schwab Capital Mkts., L.P.*, 462 F. Supp. 2d 503, 517 (S.D.N.Y. 2006) (Marrero, J.) (dismissing state claim as pre-empted "despite [the plaintiff's] artful pleading," because it "necessarily relate[d] to rights that ar[o]se out of the plan").

---

[3]    The fact that Bronfman has also named and served Vivendi S.A. as a defendant in this case does not preclude dismissal of the complaint in its entirety; as explained below, the state law claims against Vivendi are pre-empted because they are merely alternative attempts to recover benefits allegedly due under the BEP.

[4]    The exceptions to this rule, contained in ERISA § 514(b), are inapplicable to this case.

In this case, Plaintiff's state law causes of action are pre-empted because they are merely alternatives to his benefits claim under ERISA. As this Court has recently held, "[s]tate laws that provide an alternative cause of action to employees to collect benefits protected by ERISA are among those laws that are pre-empted." *Harrison*, 417 F. Supp. 2d at 431 (citing *Borges*, 869 F.2d at 146). The causes of action need not be identical. Since ERISA's civil enforcement provisions are intended to be the exclusive remedy for enforcing rights in plans governed by the statute, "any state-law cause of action that duplicates, supplements, or supplants the ERISA … remedy conflicts with the clear congressional intent to make [that] remedy exclusive and is therefore pre-empted." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (emphasis added).

The structure and content of Bronfman's complaint make clear that the state law causes of action are asserted as alternatives to those arising under ERISA. Each claim allegedly arising under New York common law mirrors a claim allegedly arising under ERISA: the first and fourth causes of action assert breach of contract; the second and fifth request relief under an "account stated" theory; and the third and sixth invoke equitable estoppel in support of Plaintiff's claims. Complaint ¶¶ 29–44.

Regardless of the different labels that Plaintiff attached to his fundamental claim, all of his federal and state law causes of action are attempts to enforce an alleged right to benefits under an ERISA-governed plan. Section 502(a) of ERISA provides a civil enforcement remedy for plan participants alleging a denial or reduction of benefits, and it has long been the law in this Circuit that pre-empted state laws include "those that provide an alternative cause of action to employees to collect benefits protected by ERISA, … or interfere with the calculation of benefits owed to an employee." *Borges*, 869 F.2d at 146; *see also id.* at 146–47 ("What triggers ERISA

9

pre-emption is … an effect on the primary administrative functions of benefit plans, such as

determining an employee's eligibility for a benefit and the amount of that benefit.").  Plaintiff's

state claims, if pursued, would merely provide an alternative cause of action for his benefits.

The state claims clearly relate to his eligibility for pension benefits and the amount of those

benefits, and are sufficiently addressed by ERISA's exclusive enforcement provisions.

Therefore, Plaintiff's state law causes of action are pre-empted and should be dismissed.

**IV.    PLAINTIFF'S ACCOUNT STATED AND EQUITABLE ESTOPPEL CAUSES OF ACTION FAIL TO STATE CLAIMS UNDER FEDERAL OR STATE LAW.**

    **A.    The Second and Fifth Causes of Action Fail to State Claims for Account Stated.**

        **1.    Plaintiff's Allegations of "Account Stated" Fail to State A Claim Under New York Law.**

Even if they were not pre-empted, Plaintiff's allegations in his second and fifth causes of

action are insufficient to state a claim for account stated.  Simply put, a common law action for

account stated is inapplicable to this dispute, because Plaintiff can show no pre-existing

agreement to be bound by the account stated.  Typically, a cause of action for account stated

exists where the parties have agreed to be bound by a future bill; obvious examples include credit

card bills or invoices for legal services.  *See, e.g.*, *Citibank (South Dakota) N.A. v. Jones*, 184

Misc. 2d 63 (N.Y. Dist. Ct. 2000) (credit cards); *Paul, Weiss, Rifkind, Wharton & Garrison v.

Koons*, 780 N.Y.S.2d 710, 712 (N.Y. Sup. Ct. 2004) (legal fees).  In order to force this common

law cause of action onto the facts in the complaint, Plaintiff has stretched the doctrine of

"account stated" beyond recognition.

Under New York law, an account stated is "an *agreement* between the parties to an

account based upon prior transactions between them with respect to the *correctness* of the

separate items composing the account and that balance due, if any, in favor of one party or the

other." *Paul, Weiss,* 780 N.Y.S.2d at 712 (emphasis added) (citing *Chisholm-Ryder Co. v. Sommer & Sommer*, 421 N.Y.S.2d 455 (N.Y. App. Div. 4th Dep't 1979)).  As one appellate court recently emphasized, this cause of action "assumes the existence of some indebtedness between the parties, or an express agreement to treat a statement of debt as an account stated," and the court thus cautioned that it "***cannot be utilized simply as another means to attempt to collect under a disputed contract***."  *Grinnell v. Ultimate Realty, LLC*, 38 A.D.3d 600, 2007 NY Slip Op 2067, at *1 (N.Y. App. Div. 2d Dep't, Mar. 13, 2007) (internal citations omitted) (emphasis added).

Here, Plaintiff has not alleged any express agreement between any Vivendi entity and Bronfman that the alleged representations would constitute an undisputed calculation of his pension, analogous to an agreement to be bound by a future credit card bill or legal fee invoice. Indeed, there is no such agreement.  Plaintiff's claim for account stated, in other words, is simply "another means to attempt to collect" the money to which Plaintiff alleges he is entitled under the BEP, and should be rejected on that basis.

### 2. Plaintiff's Allegations of "Account Stated" Fail to State A Claim Under ERISA.

Plaintiff's second cause of action fails to state a claim because "account stated" is unavailable as a cause of action for equitable relief under ERISA.  Plaintiff's attempt to import this cause of action into the ERISA context is inappropriate, because account stated is a state common law cause of action unincorporated into the limited group of federal common law causes of action for equitable relief recognised under ERISA § 502(a)(3).  *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (holding that "the term 'equitable relief' in § 502(a)(3) must refer to "those categories of relief that were typically available in equity"); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993) (noting that the remedies

"typically available in equity" were those "such as injunction, mandamus, and restitution"); *Lee v. Burkhart*, 991 F.2d 1004, 1011 (2d Cir. 1993) (noting that "federal courts have developed a federal common law of ERISA based on principles developed in evolution of the law of trusts"). ERISA's civil enforcement provisions provide an adequate and exclusive remedy to plaintiffs in Bronfman's position; the absence, therefore, of account stated from the possible causes of action under ERISA is neither surprising nor prejudicial to plaintiffs in Bronfman's position. *See* 60A Am. Jur. 2d *Pensions* § 856 ("ERISA is a comprehensive and reticulated statute, and the courts are especially reluctant to tamper with the enforcement scheme … by extending remedies not specifically authorized in its text.").

Even if "account stated" were considered a proper cause of action under ERISA, Plaintiff's claim would fail for the same reasons it fails under state law: there was no agreement that either party would be bound by the alleged "account stated."

**B.      The Third and Sixth Causes of Action Fail to State Claims for Equitable Estoppel.**

Plaintiff's allegations with regard to equitable estoppel fail to state a claim under either federal or state law because he does not plead a knowing misrepresentation on the part of any Vivendi entity, nor does he plead any facts to establish the reasonableness of his alleged reliance on alleged misrepresentations.

**1.   Bronfman's Allegations Fail to State a Claim for Equitable Estoppel under ERISA.**

Participants in employee benefit plans may bring a claim for equitable estoppel only when the alleged misrepresentations constitute malfeasance bordering on fraud.   Plaintiff has alleged no such wrongdoing here.  *See Lee*, 991 F.2d at 1009; *see also Stovall v. First UNUM Life Ins. Co.*, 20 Fed. Appx. 47, 50 (2d Cir., Oct. 3, 2001) (holding that equitable estoppel

"require[s] that plaintiff demonstrate the existence of extraordinary circumstances, such as an ***intentional inducement that goes beyond the concept of reasonable reliance***") (emphasis added); *Aquilio v. Police Benevolent Ass'n of the N. Y. State Troopers*, 857 F. Supp. 190, 204–06 (N.D.N.Y. 1994) (examining *Moore v. Metro. Life Ins. Co.*, 856 F.2d 488 (2d Cir. 1988) and *DeGrooth v. General Dynamics Corp.*, 837 F. Supp. 485 (D. Conn. 1993), in which neither court permitted a plaintiff to use informal communications to alter the meaning of official plan documents, and concluding that both supported the requirement of a "***tantamount to fraud***" showing) (emphasis added).  The elements of an equitable estoppel claim under ERISA, generally described as material representation, reliance, and damage, *see Lee*, 991 F.2d at 1009, were explained in detail in *Fortune v. Medical Associates of Woodhull P.C.*, 803 F. Supp. 636, 643 (E.D.N.Y. 1992):

> 1) the party to be estopped misrepresented material facts; 2) the party to be estopped was aware of the true facts; 3) the party to be estopped intended that the misrepresentation be acted on or had reason to believe the party asserting the estoppel would rely on it; 4) the party asserting the estoppel did not know, nor should it have known, the true facts; and 5) the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation.

Plaintiff has not alleged (nor could he) that any Vivendi personnel made knowing misrepresentations to him with regard to his pension benefits, that he lacked knowledge or constructive knowledge of his actual entitlement under the pension plans, or that it was reasonable for him to rely on the statements of persons who were unauthorized to make binding interpretations of the plan documents.  The third cause of action should therefore be dismissed.

### 2. Plaintiff's Allegations Fail to State a Claim for Equitable Estoppel under New York Common Law.

Even if they were not pre-empted, Plaintiff's allegations with regard to the state cause of action for equitable estoppel similarly fail to state a claim upon which relief may be granted, because Plaintiff does not clearly establish the grounds on which it is to be applied, nor does he establish the exceptional circumstances that justify its application.

In order for his claim of equitable estoppel under New York law to succeed, Plaintiff must plead and establish seven elements: (1) words or conduct by Vivendi that amount to a misrepresentation or concealment of material fact; (2) Vivendi's intention that the other party will act upon this conduct; (3) actual or constructive knowledge of the real facts by Vivendi; (4) Bronfman's own lack of knowledge or constructive knowledge of the facts; (5) his good faith; (6) his reasonable reliance on the words or conduct of the relevant Vivendi employees; and (7) a resulting prejudicial and material change in position.  57 N.Y. Jur. 2d *Estoppel* §§ 8, 34 (collecting and analyzing cases).  In addition, this Court has clarified that negligence or carelessness by the party to be estopped is insufficient, because equitable estoppel under New York law requires deliberate deception of the party asserting estoppel.  *Royal Mortgage Corp. v. FDIC*, 20 F. Supp. 2d 664, 669 (S.D.N.Y. 1998) (citing *General Elec. Capital Corp. v. Eva Armadora, S.A.*, 37 F.3d 41, 45 (2d Cir. 1994), which required "an act constituting a concealment of facts or a false misrepresentation"), *aff'd*, 194 F.3d 389 (2d Cir. 1999).

The complaint neither alleges nor establishes that any Vivendi personnel deliberately misled Bronfman about his rights under the company's pension plans, that he lacked knowledge or constructive knowledge of his actual entitlement under the pension plans, or that it was

14

reasonable for him to rely on the statements of persons who were unauthorized to make binding

interpretations of the plan documents. The sixth cause of action should therefore be dismissed.

## V.   PLAINTIFF'S ERISA § 502(A)(3) CLAIMS ARE NOT CLAIMS ON WHICH RELIEF CAN BE GRANTED.

### A.   Plaintiff's ERISA §502(a)(3) Claims Must Be Dismissed Because ERISA § 502(a)(1) Provides the Relief Plaintiff Seeks.

Plaintiff's second and third causes of action, relying on ERISA § 502(a)(3) (which

provides equitable relief), must be dismissed because ERISA provides an appropriate remedy for

Plaintiff's claims under § 502(a)(1).  As this Court recently observed, "the Supreme Court has

stated that where Congress elsewhere provided adequate relief for a beneficiary's injury, there

will likely be no need for further equitable relief, in which case such relief normally would not

be 'appropriate'."  *Mead v. Arthur Andersen, LLP*, 309 F. Supp. 2d 596, 598 (S.D.N.Y. 2004)

(Marrero, J.) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996)).  Where, as in this case, a

plaintiff does not raise a claim for equitable relief under ERISA § 502(a)(3) that would provide

distinct relief from his claim for benefits under ERISA § 502(a)(1)(B), the court should dismiss

the complaint to the extent that it requests relief under ERISA § 502(a)(3).  *Id.* (holding that "it is

inappropriate to include a § 502(a)(3) claim which … merely duplicates the § 502(a)(1) claim,"

and noting that the plaintiff "would lose nothing by the dismissal of his alternative claim for

equitable relief") (internal quotation marks, alteration, and citation omitted).  Plaintiff's requests

for equitable relief with regard to his entitlements under the BEP merely duplicate his claim for

benefits under the plan, and should be dismissed.  *See Util. Workers, Local 369 v. NSTAR Elec.*

*& Gas Corp.*, 317 F. Supp. 2d 69 (D. Mass. 2004) (dismissing a separate claim for promissory

estoppel because equitable relief is not appropriate where plaintiffs had pursued a cause of action

for benefits).

**B.      The Complaint Otherwise Fails to State a Claim Under ERISA § 502(a)(3).**

Bronfman's claims under § 502(a)(3) should be dismissed, because neither monetary damages nor the other forms of relief he seeks in the complaint are available under that section of ERISA.

An ERISA plan participant cannot seek compensatory relief, which is essentially a legal claim, under section 502(a)(3) of the statute, absent particular circumstances not present in this case.  *See Knudson*, 534 U.S. at 210–14 (concluding that a request for monetary relief under ERISA § 502(a)(3) would only be appropriate if plaintiff is entitled to be restored particular funds or property in defendant's possession, and does not otherwise constitute "appropriate equitable relief" under the statute); *see also Mertens*, 508 U.S. at 255.  To the extent, therefore, that the complaint's request for damages is intended to arise under section 502(a)(3), it should be dismissed.

Moreover, Plaintiff's characterization of his claim as arising under section 502(a)(3), ostensibly buttressed by his request for a declaratory judgment and injunction in the prayer for relief, does not transform his fundamental claim for compensatory relief in the form of benefits into one for "appropriate equitable relief."  The Second Circuit has specifically disapproved of such attempts to circumvent the requirements of ERISA, and cautioned against suits "purporting to seek equitable relief while also seeking monetary damages":

> Almost invariably suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty. And money damages are, of course, the classic form of legal relief.

16

*Frommert v. Conkright*, 433 F.3d 254, 270 (2d Cir. 2006) (citing *Bowen v. Massachusetts*, 487

U.S. 879, 918–19 (1988) (Scalia, J., dissenting); *Mertens*, 508 U.S. at 255) (internal alterations

omitted).  Plaintiff's prayer for a declaration of his entitlement to benefits under the BEP and an

injunction ordering Vivendi to pay such benefits are no more than a request for monetary relief

from an employee benefits plan.  To the extent that his claims purport to rely on § 502(a)(3),

therefore, they should be dismissed.

## Prayer for Relief

For the foregoing reasons, Vivendi respectfully requests that this Court dismiss the

complaint on the grounds explained above.

Dated:    New York, New York
          May 8, 2007

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By:    ___/s/  David M. Bigge_____

Joseph P. Moodhe (JM 6068)
David M. Bigge (DB 8579)

919 Third Avenue
New York, New York  10022
Tel: (212) 909-6000
Fax: (212) 909-6836

*Attorneys for Defendants Vivendi S.A., the Benefit
Equalization Plan of Vivendi S.A., and the Human
Resources Committee of the Board of Directors of Vivendi
S.A*