Joseph P. Moodhe (JM 6068)  ELECTRONICALLY FILED
David M. Bigge (DB 8579)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendants Vivendi S.A., the Benefit Equalization Plan of Vivendi S.A., and the Human Resources Committee of the Board of Directors of Vivendi S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
EDGAR BRONFMAN, JR.,                                                :

              Plaintiff,                                       :

                                                       No. 07-CV-2875 (VM)
    v.                                                              :

                                                       :

VIVENDI S.A., THE BENEFIT EQUALIZATION PLAN    **ANSWER**
OF VIVENDI S.A., AND THE HUMAN RESOURCES       :
COMMITTEE OF THE BOARD OF DIRECTORS OF
VIVENDI S.A.,                                                   :

              Defendants.                                      :

------------------------------------------------------------------- x

       Defendants Vivendi S.A., the Benefit Equalization Plan of Vivendi S.A. ("Benefit Equalization Plan" or "BEP"), and the Human Resources Committee of the Board of Directors of Vivendi S.A. ("Human Resources Committee") (collectively, "Vivendi Defendants"), by their attorneys, Debevoise & Plimpton LLP, for their Answer to the Complaint of Plaintiff Edgar Bronfman, Jr. ("Bronfman" or "Plaintiff"), respectfully allege as follows:

## ANSWER

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint, except deny having knowledge or information sufficient to form a belief as to the truth of the allegation regarding Bronfman's residence.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint, and allege that, although this Court may have subject matter jurisdiction

under 28 U.S.C. § 1331, it lacks personal jurisdiction over the Benefit Equalization Plan and the Human Resources Committee.

    9.    Defendants deny the allegations contained in paragraph 9 of the Complaint.

    10.    Defendants deny knowledge or information sufficient to form a belief as to the truth of paragraph 10 of the Complaint.

    11.    Defendants deny knowledge or information sufficient to form a belief as to the truth of paragraph 11 of the Complaint.

    12.    Defendants deny knowledge or information sufficient to form a belief as to the truth of paragraph 12 of the Complaint.

    13.    Defendants deny the allegations contained in paragraph 13 of the Complaint, and respectfully refer the Court to the Benefit Equalization Plan and the Supplemental Plan for a full and accurate statement of their contents.

    14.    Defendants deny the allegations contained in paragraph 14 of the Complaint, and respectfully refer the Court to the Benefit Equalization Plan for a full and accurate statement of its contents.

    15.    Defendants deny the allegations contained in paragraph 15 of the Complaint, and respectfully refer the Court to the Benefit Equalization Plan for a full and accurate statement of its contents.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny knowledge and information sufficient to form a belief as to the truth of paragraph 17 of the Complaint, and respectfully refer the Court to the Termination Protection Agreement and the Benefit Equalization Plan for a full and accurate statement of their contents.

18. Defendants deny knowledge and information sufficient to form a belief as to the truth of paragraph 18 of the Complaint, and respectfully refer the Court to the Employment Agreement and the Termination Protection Agreement for a full and accurate statement of their contents.

19. Defendants deny knowledge and information sufficient to form a belief as to the truth of paragraph 19 of the Complaint, and respectfully refer the Court to the Termination Agreement, the Termination Protection Agreement, and the Employment Agreement for a full and accurate statement of their contents.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny having knowledge or information sufficient to form a belief as to the truth of paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint, except admit that Bronfman signed a Consulting Agreement with Vivendi.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint, except admit that Bronfman signed the Second Employment Agreement with Vivendi.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint, and respectfully refer the Court to the Second Employment Agreement and the Benefit Equalization Plan for a full and accurate statement of their contents.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

<u>First Cause of Action</u>

29. Defendants repeat and re-allege each of their responses to paragraphs 1 through 28 as though they were fully set forth herein.

5

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

## Second Cause of Action

33. Defendants repeat and re-allege each of their responses to paragraphs 1 through 32 as though they were fully set forth herein.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

## Third Cause of Action

37. Defendants repeat and re-allege each of their responses to paragraphs 1 through 36 as though they were fully set forth herein.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

### Fourth Cause of Action

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

### Fifth Cause of Action

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

### Sixth Cause of Action

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

### General Defenses

45.     Unless otherwise specifically admitted herein, each and every allegation contained in the Complaint is hereby denied.

### First Affirmative Defense

46.     The complaint should be dismissed with regard to the Benefit Equalization Plan and the Human Resources Committee because this Court lacks personal jurisdiction over those Defendants.

### Second Affirmative Defense

47.     The complaint should be dismissed with regard to the Benefit Equalization Plan and the Human Resources Committee because service of process was insufficient.

### Third Affirmative Defense

48.     The First, Second, and Third Causes of Action asserted in the Complaint are barred for failure to exhaust remedies available under the Pension Plan.

### Fourth Affirmative Defense

49.     The Second, Third, Fifth, and Sixth Causes of Action asserted in the Complaint fail to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

50.     The Fourth, Fifth, and Sixth Causes of Action asserted in the Complaint are preempted by federal law, pursuant to 29 U.S.C. § 1144 (ERISA § 514).

Sixth Affirmative Defense

51. The claims asserted in the Complaint are barred by the doctrines of laches, estoppel, and waiver.

52. Defendants reserve the right to amend this Answer and to assert additional defenses or to supplement, alter, or change this Answer, or to assert any counterclaims, upon ascertaining more definite facts during and upon completion of their investigation and discovery.

## PRAYER FOR RELIEF

53. WHEREFORE, the Vivendi Defendants respectfully pray for judgment against Bronfman and entry of an Order:

1. Dismissing the Complaint in its entirety with prejudice; and

2. Granting such other and further relief to the Vivendi Defendants as the Court may deem just and proper.

Dated: New York, New York
May 8, 2007

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: ____/s/ David M. Bigge____
    Joseph P. Moodhe (JM 6068)
    David M. Bigge (DB 8579)

919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

*Attorneys for Defendants Vivendi S.A., the Benefit Equalization Plan of Vivendi S.A., and the Human Resources Committee of the Board of Directors of Vivendi S.A*