ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

EDGAR BRONFMAN, JR.,                                  :
                                                      :
                           Plaintiff,                 :
                                                      :
           v.                                         :
                                                           No. 07-CV-2875 (GBD)
                                                      :
VIVENDI HOLDING I CORP., THE BENEFIT                  :
EQUALIZATION PLAN OF VIVENDI S.A., AND THE            :
HUMAN RESOURCES COMMITTEE OF THE BOARD
OF DIRECTORS OF VIVENDI S.A.,                         :
                                                      :
                           Defendants.                :

------------------------------------------------------------------------ X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**


        Joseph P. Moodhe
        Ann Marie Preissler
        Natalie L. Reid
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, New York  10022
        (212) 909-6000

        *Attorneys for Defendants*

New York, New York
June 20, 2007

# TABLE OF CONTENTS

I. DEFENDANTS DO NOT CONTEST THIS COURT'S JURISDICTION OVER THE HUMAN RESOURCES COMMITTEE AS AN ENTITY. ........................................ 2

II. PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED AS PRE-EMPTED BECAUSE THERE IS NO QUESTION THAT ERISA GOVERNS THIS DISPUTE. ................................................................................................................ 3

III. PLAINTIFF'S § 502(A)(3) CLAIMS SHOULD BE DISMISSED BECAUSE HE SEEKS THE SAME RELIEF, ARISING OUT OF THE SAME FACTS, AS HIS § 502(A)(1)(B) CLAIMS. ........................................................................................... 5

IV. PLAINTIFF'S CLAIMS FOR ACCOUNT STATED SHOULD BE DISMISSED BECAUSE THE CLAIM IS NEITHER COGNIZABLE UNDER ERISA NOR APPROPRIATE OUTSIDE OF THE CREDITOR-DEBTOR CONTEXT. ......................... 6

V. PLAINTIFF'S EQUITABLE ESTOPPEL CLAIMS DO NOT MEET THE PLEADING STANDARD REQUIRED BY THE FEDERAL RULES. .............................. 8

# TABLE OF AUTHORITIES

**Cases**

*Aetna Health, Inc. v. Davila*,
 542 U.S. 200 (2004) .................................................................................................... 5

*Aiena v. Olsen*,
 69 F. Supp. 2d 521 (S.D.N.Y. 1999) ........................................................................... 3

*Am. Med. Ass'n v. United Healthcare Corp.*,
 No. 00 Civ. 2800(LMM)(GWG), 2002 WL 31413668 (S.D.N.Y. Oct. 23, 2002) ..... 6

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
 459 U.S. 519 (1983) .................................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
 127 S. Ct. 1955 (2007) ..................................................................................... 1, 8, 9, 10

*Chapro v. SSR Realty Advisors, Inc.*,
 351 F. Supp. 2d 152 (S.D.N.Y. 2004) ........................................................................ 6

*Coleman v. Standard Life Ins. Co.*,
 288 F. Supp. 2d 1116 (E.D. Cal. 2003) ...................................................................... 3

*DePace v. Matsushita Elec. Corp. of Am.*,
 257 F. Supp. 2d 543 (E.D.N.Y. 2003) ........................................................................ 5

*Fortune v. Med. Assocs. of Woodhull P.C.*,
 803 F. Supp. 636 (E.D.N.Y. 1992) ............................................................................. 9

*Frommert v. Conkright*,
 433 F.3d 254 (2d Cir. 2006) ................................................................................... 5, 6

*Green v. First Reliance Standard Life Ins. Co.*,
 No. 96 Civ. 6859 (PKL), 1997 WL 249967 (S.D.N.Y. May 12, 1997) ..................... 9

*HMI Mech. Sys., Inc. v. McGowan*,
 266 F.3d 142 (2d Cir. 2001) ........................................................................................ 7

*Karl v. Asarco Inc.*,
 No. 02-CV-5565 (GBD), 2004 WL 2997872 (S.D.N.Y., Dec. 23, 2004) .................. 9

*LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*,
 185 F.3d 61 (2d Cir. 1999) .......................................................................................... 6

*Marks v. Newcourt Credit Group, Inc.*,
 342 F.3d 444 (6th Cir. 2003) ................................................................................... 3, 5

*Navimex S.A. de C.V. v. S/S N. Ice*,
    617 F. Supp. 103 (S.D.N.Y. 1984) .................................................................................. 7

*Pelosi v. Schwab Capital Mkts., L.P.*,
    462 F. Supp. 2d 503 (S.D.N.Y. 2006) ........................................................................ 5, 6

*Pizlo v. Bethlehem Steel Corp.*,
    884 F.2d 116 (4th Cir. 1989) ...................................................................................... 3, 5

*Rodkinson v. Haecker*,
    162 N.E. 493 (N.Y. 1928) ............................................................................................. 7

*Rothman v. Gregor*,
    220 F.3d 81 (2d Cir. 2000) ............................................................................................ 4

*Royal Mortgage Corp. v. FDIC*,
    20 F. Supp. 2d 664 (S.D.N.Y. 1998), *aff'd*, 194 F.3d 389 (2d Cir. 1999) ................... 9

*Sea Modes, Inc. v. Cohen*,
    127 N.E.2d 723 (N.Y. 1955) ......................................................................................... 7

*Stovall v. First UNUM Life Ins. Co.*,
    20 Fed. Appx. 47 (2d Cir., Oct. 3, 2001) ....................................................................... 9

*United States ex rel. Pool Constr. Co. v. Smith Road Constr. Co.*,
    227 F. Supp. 315 (N.D. Okla. 1964) .............................................................................. 7

*Ventimiglia v. Gruntal & Co., Inc.*,
    No. 88 Civ. 1675 (RJW), 1989 WL 251402 (S.D.N.Y. Nov. 1, 1989) ........................ 3

*White Diamond Co. v. Castco, Inc.*,
    436 F. Supp. 2d 615 (S.D.N.Y. 2006) ........................................................................... 7

*Wilson v. United Food & Commercial Workers Int'l Union*,
    No. 02-CV-6069 (GBD), 2006 WL 760282 (S.D.N.Y. Mar. 24, 2006) ....................... 5

**Statutes**

29 U.S.C. § 1002(2) ............................................................................................................ 4

29 U.S.C. § 1132(a)(1) ................................................................................................ passim

29 U.S.C. § 1132(a)(3) ............................................................................................... 1, 5, 6

**Treatises**

60A Am. Jur. 2d *Pensions* ................................................................................................. 8

Defendants Vivendi Holding I Corp., the Benefit Equalization Plan of Vivendi S.A. ("BEP"), and the Human Resources Committee of the Board of Directors of Vivendi S.A. ("Human Resources Committee") (collectively, "Defendants"), submit this memorandum in reply to the Opposition to Defendants' Motion to Dismiss ("Opposition") filed by Edgar Bronfman, Jr. ("Bronfman" or "Plaintiff").

**Preliminary Statement**

As a whole, Plaintiff's six causes of action reduce to a single claim for the benefits he alleges are due to him under the BEP. This claim is presented in the first cause of action, alleging breach of contract arising under ERISA, which seeks the remedies available under § 502(a)(1)(B) of that statute. The remaining causes of action are precluded as a matter of law, either because they are impermissible attempts to seek the same relief under a different ERISA provision or because they fail to state a claim upon which relief may be granted. First, neither party contests that ERISA governs this dispute. As a result, Plaintiff's state law causes of action should be dismissed as pre-empted by ERISA. Second, Plaintiff's duplicative § 502(a)(3) claims, which seek the same relief and arise out of the same set of facts as § 502(a)(1)(B), should also be dismissed because § 502(a)(1)(B) provides an appropriate remedy under ERISA. Third, account stated is not an appropriate cause of action given the non-debtor/creditor relationship between the parties. Moreover, account stated is not one of the claims cognizable under federal common law construing ERISA. Finally, because Plaintiff's equitable estoppel claims fail to satisfy the pleading requirements of the Federal Rules, as recently clarified in *Bell Atlantic Corp. v. Twombly*, they should also be dismissed.

1

**I.    DEFENDANTS DO NOT CONTEST THIS COURT'S JURISDICTION OVER THE HUMAN RESOURCES COMMITTEE AS AN ENTITY.**

As a preliminary matter, Plaintiff misconstrues Defendants' position on this Court's jurisdiction over the Human Resources Committee as an entity. On May 31, 2007, this Court approved a Stipulation entered into by the parties on May 25, 2007, pursuant to which "Defendants Vivendi Holding, the BEP and Sarah Frank, in her capacity as a member of the Human Resources Committee [would] file a response to the complaint joining those portions of the answer and motion to dismiss that do not conflict with this stipulation." Declaration of Charles A. Michael, Ex. 1, para. 6. In accordance with this Stipulation, on May 30, 2007, Defendants filed a memorandum of law in support of their motion to dismiss the complaint on several grounds, specifically joining, adopting, and incorporating by reference Sections II.A, III, IV, and V of the memorandum of law that had been filed on May 8, 2007.

Section II.A of the earlier memorandum of law, unlike the sections that were not incorporated into the May 30 memorandum, does not argue that this Court lacks jurisdiction over any of the Defendants. Rather, it notes the Complaint's failure to "*meet Plaintiff's burden of demonstrating* that this Court may exercise jurisdiction over all of the defendants." Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Mem.") at 6 (emphasis added). Plaintiff's Complaint does no more than make a conclusory statement that the Court has personal jurisdiction over the Human Resources Committee. *See* Complaint ("Compl.") ¶ 10. Despite this insufficiency and in light of both the terms of the Stipulation and Plaintiff's effective service of both the BEP and the Human Resources Committee after the first memorandum of law was filed, Defendants no longer contest this Court's jurisdiction over Vivendi Holding I Corp., the BEP, and the Human Resources Committee as an entity.

II.     **PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED AS PRE-EMPTED BECAUSE THERE IS NO QUESTION THAT ERISA GOVERNS THIS DISPUTE.**

Since neither party contests the applicability of ERISA to the BEP, and it is clear from the documents before the Court that the federal statute governs this dispute, Plaintiff's state law claims, which seek to determine pension benefits or affect the administration of such benefits, should be dismissed as pre-empted. The cases cited by Plaintiff in his Opposition are inapposite, either because one or both parties did not concede that ERISA governed the dispute, or because it was not clear that the state law claims at issue related to the plan for pre-emption purposes. *See Aiena v. Olsen*, 69 F. Supp. 2d 521, 531 (S.D.N.Y. 1999) (noting "the uncertainties concerning … whether the J & H arrangements were an ERISA plan"); *Ventimiglia v. Gruntal & Co., Inc.*, 1989 WL 251402, at *1, *3 (S.D.N.Y. Nov. 1, 1989) (observing that "the gravamen of plaintiffs' complaint against defendants is that … [one defendant] executed numerous unauthorized and unsuitable trades for the accounts maintained by the Funds," and noting that defendants might contest whether they were fiduciaries for ERISA purposes); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 453 (6th Cir. 2003) (overturning district court's dismissal of state claims where their connection to the plan was merely tenuous, remote, or peripheral); *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 120 (4th Cir. 1989) (holding that state law claims seeking benefits are pre-empted where the pension plan would be liable and the administrators burdened, and that claims unrelated to the plan are not pre-empted); *Coleman v. Standard Life Ins. Co.*, 288 F. Supp. 2d 1116, 1119–1120 (E.D. Cal. 2003) (noting that the plaintiff "ha[d] not conceded that the plan is indeed an ERISA plan" and holding that alternative pleading of state claims is prudent "[w]hen there is some doubt over whether ERISA is applicable under a given set of facts, especially where there is doubt about whether a particular plan is in fact an ERISA plan").

Contrary to Plaintiff's assertions, this is not a case where either party questions the existence of an ERISA-governed plan. Both Plaintiff and the Defendants have clearly and repeatedly stated that the BEP is a pension plan that is governed by ERISA. *See, e.g.*, Compl. ¶¶ 3, 7, 12(c); Def. Mem. at 2; Opposition at 12. Nor is it a case where the plaintiff refers to plan benefits merely as a method of calculating the damages to which he claims he is entitled. Bronfman does not simply seek damages that are measured by pension benefits, such as in cases where the plaintiff alleges wrongful termination. All of the monetary awards sought by the Complaint are in fact the pension benefits to which he claims he is entitled, and which he seeks under § 502(a)(1)(B) of ERISA. Thus, the state law claims clearly *relate* to an employee benefit plan.

As the Court can determine by referring to the terms of the BEP, which was submitted as part of the Defendants' response on May 8, 2007, it is clear that the BEP is a supplemental pension plan within the meaning of ERISA § 3(2), as it both provides for retirement income and systematically defers the payment of compensation until termination of employment or beyond. *See* Declaration of David M. Bigge, Ex. A, at 4–15. The Court may consider the BEP as part of the record when deciding this motion because it is well settled that, when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may consider any document incorporated into the complaint by reference, and any document "that the plaintiff[] either possessed or knew about and upon which [he] relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000). In fact, despite Plaintiff's claim that the BEP is not part of the record, *see* Opposition at 12, Plaintiff himself references the BEP to support his arguments, *see* Opposition at 20.

Even the precedents cited by Plaintiff in his Opposition recognize that state law claims seeking the determination of benefits or affecting the administration of benefits fall squarely within the area governed by ERISA and are thus pre-empted.  *See, e.g.*, *Marks*, 342 F.3d at 452–53; *Pizlo*, 884 F.2d at 120; *DePace v. Matsushita Elec. Corp. of Am.*, 257 F. Supp. 2d 543, 568 (E.D.N.Y. 2003); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates, supplements, or supplants the ERISA … remedy conflicts with the clear congressional intent to make [that] remedy exclusive and is therefore pre-empted"); *accord Wilson v. United Food & Commercial Workers Int'l Union*, No. 02-CV-6069 (GBD), 2006 WL 760282, at *8 (S.D.N.Y. Mar. 24, 2006) (Daniels, J.). Since there is no question that the BEP is an ERISA-governed plan, or that Bronfman seeks to compel the payment of benefits by the BEP's administrators in the amount to which he claims he is entitled, his state law claims are pre-empted and must be dismissed.

### III.   PLAINTIFF'S § 502(A)(3) CLAIMS SHOULD BE DISMISSED BECAUSE HE SEEKS THE SAME RELIEF, ARISING OUT OF THE SAME FACTS, AS HIS § 502(A)(1)(B) CLAIMS.

Plaintiff's claims under ERISA § 502(a)(3) should be dismissed because they are duplicative of his § 502(a)(1) claims.  Where a claim under § 502(a)(3) "alleges the same misconduct and seeks the same remedy as [plaintiff's] other ERISA claims," the § 502(a)(3) claim is inappropriate and should be dismissed.  *Pelosi v. Schwab Capital Mkts., L.P.*, 462 F. Supp. 2d 503, 515 (S.D.N.Y. 2006) (citing *Frommert v. Conkright*, 433 F.3d 254 (2d Cir. 2006)). In *Frommert*, the Second Circuit established a clear distinction between § 502(a)(3) claims that duplicate a § 502(a)(1) claim, and those that are based upon additional alleged facts or seek different relief.  Only the latter may be brought by a plaintiff also seeking relief under § 502(a)(1).  *See Frommert*, 433 F.3d at 270–72.

5

Plaintiff's complaint does not distinguish his § 502(a)(3) claims from his § 502(a)(1) claims. Indeed, each of his ERISA claims reference both subsections. He does not seek a different form of relief under § 502(a)(3), nor does his complaint allege additional facts in support of his § 502(a)(3) claims. Unlike the pre-*Frommert* cases on which Plaintiff relies, Plaintiff does not allege a breach of fiduciary duty—a claim which could be viewed as falling outside the scope of § 502(a)(1). *Compare Am. Med. Ass'n v. United Healthcare Corp.*, 2002 WL 31413668, at *7 (S.D.N.Y. Oct. 23, 2002) (declining to hold as a matter of law that § 502(a)(3) claims concerning breach of fiduciary duty were duplicative of § 502(a)(1) claims for benefits); *Chapro v. SSR Realty Advisors, Inc.*, 351 F. Supp. 2d 152, 156 (S.D.N.Y. 2004) (same, relying on pre-*Frommert* Second Circuit case permitting a claim for fiduciary duty to proceed along with a claim for benefits). Accordingly, because Plaintiff's § 502(a)(3) claims are purely duplicative of his § 502(a)(1) claims, they should be dismissed. *Pelosi*, 462 F. Supp. 2d at 515.

### IV. PLAINTIFF'S CLAIMS FOR ACCOUNT STATED SHOULD BE DISMISSED BECAUSE THE CLAIM IS NEITHER COGNIZABLE UNDER ERISA NOR APPROPRIATE OUTSIDE OF THE CREDITOR-DEBTOR CONTEXT.

Despite Plaintiff's attempts to shoehorn his claim for benefits under an ERISA-governed plan into an account stated cause of action, a review of the cases he cites demonstrates the futility of those efforts. In all of the cases upon which Plaintiff relies, the "account stated" in question was an account, a statement, a bill, or an invoice arising out of a creditor-debtor relationship, where the amount owing resulted from the provision of goods or services by the creditor, or from the employer-debtor's promise to pay the employee-creditor sales commissions arising out of services performed pursuant to an employment contract. *See, e.g.*, *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61 (2d Cir. 1999) (account stated for fees for services provided by law firm to corporations or principal shareholder); *Navimex S.A. de C.V. v. S/S N.*

6

*Ice*, 617 F. Supp. 103 (S.D.N.Y. 1984) (action based on statements of account submitted by plaintiffs for services rendered to defendants' shipping lines); *United States ex rel. Pool Constr. Co. v. Smith Road Constr. Co.*, 227 F. Supp. 315 (N.D. Okla. 1964) (alleged account stated was notice from supplier to contractor that subcontractor was delinquent in payment for rock supplied); *Sea Modes, Inc. v. Cohen*, 127 N.E.2d 723 (N.Y. 1955) (consolidated actions where employers sought to recover alleged overpayments to salesman and salesman sought to recover commissions allegedly due him); *Rodkinson v. Haecker*, 162 N.E. 493 (N.Y. 1928) (detailed account submitted by attorney to client was subject of action to recover compensation due for services rendered).

Plaintiff cites no case, nor could we find one, in which a participant in, or beneficiary of, a pension plan was permitted to bring an account stated cause of action seeking the payment of benefits allegedly due under the terms of the plan. The reasons for this absence of precedent are clear. First, the relationship between a pension plan and its participants is not analogous to that between a creditor and a debtor, and the benefits due to participants are not simply a matter of money due them because of the services they may have provided to their employers over the course of their careers. *See HMI Mech. Sys., Inc. v. McGowan*, 266 F.3d 142, 148 (2d Cir. 2001) (ERISA "does not require employers to provide any particular benefits", but rather "provide[s] comprehensive and uniform regulation of employee benefit plans … *once an employer chooses to provide benefits*.") (emphasis added); *see also White Diamond Co. v. Castco, Inc.*, 436 F. Supp. 2d 615, 623 (S.D.N.Y. 2006) (holding that account stated claim "must be founded upon previous transactions creating the relationship of debtor and creditor"). Second, since ERISA already provides an adequate and exclusive remedy under § 502(a)(1)(B) for plaintiffs bringing claims like Bronfman's, and account stated is not one of the limited group of causes of action

7

otherwise created by federal common law, there is no need to borrow a state law cause of action that is ill-fitting and inappropriate in the ERISA context.  *See* 60A Am. Jur. 2d *Pensions* § 856 ("ERISA is a comprehensive and reticulated statute, and the courts are especially reluctant to tamper with the enforcement scheme … by extending remedies not specifically authorized in its text.").  Accordingly, Plaintiff's second and fifth causes of action should be dismissed.

## V.   PLAINTIFF'S EQUITABLE ESTOPPEL CLAIMS DO NOT MEET THE PLEADING STANDARD REQUIRED BY THE FEDERAL RULES.

Plaintiff fails to plead the elements of equitable estoppel under either ERISA or New York common law or allege facts necessary to support the elements of these claims.  This insufficiency cannot satisfy the pleading standard set by the Federal Rules of Civil Procedure.  In a recent pronouncement on the pleading requirements of the Federal Rules, the Supreme Court held that "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation [under Rule 8(a)(2)] to provide the grounds of his entitlement to relief requires … [f]actual allegations [that are] enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (internal quotation marks and alterations omitted).  *Twombly* overruled the Second Circuit's application of an overly permissive pleading standard, and held that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id*. at 1966 (internal quotation marks and alterations omitted).[1]

---

[1]   The cases cited in Plaintiff's Opposition justifying his factually insufficient pleading are unpersuasive because they are based on a misapprehension of the pleading requirements that *Twombly* firmly rejected.  *See e.g., In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498, 507–08 (S.D.N.Y. 2004) (citing one court's repeated similar holdings, which relied on the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957), to support a permissive standard for evaluating 12(b)(6) motions challenging complaints).  *But see Twombly*, 127 S. Ct. at 1969 (explaining that *Conley*'s phrase "is best forgotten as an incomplete, negative gloss on an accepted

In order to state a claim for equitable estoppel under ERISA or New York common law, a plaintiff must allege a knowing or intentional misrepresentation by the party to be estopped. *See Fortune v. Med. Assocs. of Woodhull P.C.*, 803 F. Supp. 636, 643 (E.D.N.Y. 1992) (holding that "the party to be estopped [must have been] aware of the true facts" before its misrepresentation could give rise to equitable estoppel); *see also Royal Mortgage Corp. v. FDIC*, 20 F. Supp. 2d 664, 669 (S.D.N.Y. 1998), *aff'd*, 194 F.3d 389 (2d Cir. 1999) (interpreting New York law to require deliberate deception: a concealment of facts or a false misrepresentation).

Furthermore, as the cases Plaintiff cites confirm, the Second Circuit requires ERISA plaintiffs to demonstrate the existence of extraordinary circumstances before allowing recovery under equitable estoppel. *See Stovall v. First UNUM Life Ins. Co.*, 20 Fed. Appx. 47, 50 (2d Cir. Oct. 3, 2001) (holding that equitable estoppel "require[s] that plaintiff demonstrate the existence of extraordinary circumstances, such as an intentional inducement that goes beyond the concept of reasonable reliance"); *accord Aramony v. United Way Replacement Benefit Plan*, 191 F.3d 140, 152 & n.5 (2d Cir. 1999); *Green v. First Reliance Standard Life Ins. Co.*, No. 96-CV-6859 (PKL), 1997 WL 249967, at *3 (S.D.N.Y. May 12, 1997); *Karl v. Asarco Inc.*, No. 02-CV-5565 (GBD), 2004 WL 2997872, at *6 (S.D.N.Y., Dec. 23, 2004) (Daniels, J.).

These requirements are equally applicable at the pleading stage. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (holding that "[i]t is not proper … to assume that [the plaintiff] can prove facts that it has not alleged"), *cited with approval in Twombly*, 127 S. Ct. at 1969 n.8.

Bronfman alleges "material representations" by Vivendi, *see* Compl. ¶¶ 38–39, but has neither pleaded, nor alleged facts sufficient to establish, *knowing* or *intentional*

---

pleading standard: *once a claim has been stated adequately*, it may be supported by showing any set of facts consistent with the allegations in the complaint") (emphasis added).

9

*mis*representation. Similarly, he has failed to plead or allege any facts sufficient to establish extraordinary circumstances. Like the plaintiffs in *Twombly*, 127 S. Ct. at 1966 n.5, Bronfman's allegations are "factually neutral," rather than sufficiently "factually suggestive" to state an equitable estoppel claim. *Twombly* has clarified that, in order to state a claim for relief, a complaint must contain "allegations plausibly suggesting (not merely consistent with)" the crucial element of the claim. *Id.* at 1966. This standard "reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* Bronfman's equitable estoppel claims fail to meet this standard, and should therefore be dismissed.

### Prayer for Relief

For the foregoing reasons, Defendants respectfully request that this Court dismiss the complaint on the grounds noted in the Memorandum of Law in Support of Defendants' Motion to Dismiss, filed on May 30, 2007.

Dated:   New York, New York
         June 20, 2007

                              Respectfully submitted,

                              DEBEVOISE & PLIMPTON LLP

                              By:   /s/ Joseph P. Moodhe
                                    Joseph P. Moodhe
                                    Ann Marie Preissler
                                    Natalie L. Reid

                              919 Third Avenue
                              New York, New York  10022
                              Tel: (212) 909-6000
                              Fax: (212) 909-6836

                              *Attorneys for Defendants*